UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| The UNITED STATES of America for the Use and Benefit of Graybar Electric Company, Inc., a New York Corporation, and GRAYBAR ELECTRIC COMPANY, INC., Individually,<br><br>            Plaintiffs,<br><br>   -vs-<br><br>OVERSTREET ELECTRIC CO., INC., a Florida Corporation and ATLANTIC MUTUAL INSURANCE COMPANY, a New York Corporation,<br><br>            Defendants. | NO.  CV-05-0068-LRS<br><br>ORDER DENYING DEFENDANT ATLANTIC MUTUAL INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT |

   Before the Court is Defendant Atlantic Mutual Insurance Company's [Atlantic] Motion for Summary Judgment (Ct. Rec. 43-1), filed August 29, 2005.  A hearing was held on September 29, 2005 in Yakima, Washington.  Henry Hamilton appeared on behalf of Defendant Atlantic.  Carl Kirsch appeared telephonically and C. Richard McQueen appeared in person on behalf Plaintiff Graybar Electric Company [Graybar].  James Yand appeared for Defendant Overstreet Electric Company [Overstreet].

   Defendant Atlantic asserts Plaintiff's claim under the Miller Act is time-barred pursuant to 40 U.S.C. §3133(b)(4) because Plaintiff's March 18, 2005 delivery of Operations and Maintenance

ORDER - 1

manuals [O&M manuals] constituted a delivery of materials that was merely corrective in nature.

Plaintiff, in its opposition, argued that the delivery of O&M manuals on March 18, 2005 constituted a delivery of Miller Act materials that triggered the running of the Act's one-year statute of limitations. Plaintiff's complaint was filed on March 4, 2005.

The Court found at the hearing that genuine issues of material fact existed as to the ultimate determination of the date upon which the last materials were delivered by Plaintiff pursuant to the original purchase order contract[1] requiring specific materials to be supplied by Plaintiff. Whether the March 18, 2005 delivery of O&M manuals was corrective in nature and whether the action was timely commenced, are issues of fact that can only be resolved at trial.[2]

The Court considered the undisputed fact that Plaintiff was informed by fax directive on March 21, 2005 from Defendant Overstreet's project manager that "all new sets" were required by the U.S. Army Corps of Engineers [Corps] and that "the Corps won't accept updates." The Court further considered the undisputed

---

[1] On July 16, 2002, Defendant Overstreet and Plaintiff Graybar entered into an agreement titled Purchase Order No. 402-241860 [P.O.] for the provision of certain materials and equipment for installation of a station service transformer for the Chief Joseph Dam for United States contract No. DACW67-020C-0012 [Government Contract]. The P.O. was for the sum of $370,800. Specification Section 01701 of the Government Contract was the provision requiring the provision of O&M manuals submitted by Overstreet to the Corps.

[2] As an aside, the Court notes that at least one circuit, the Fifth Circuit, has not expressly adopted the general rule which provides that remedial or corrective work does not extend the one-year limitations period. See United States of America for the Use and Benefit of *T.L. Wallace Construction, Inc. v. Fireman's Fund Ins. Co.*, 790 F.Supp. 680, 684 (S.D. Miss. 1992).

ORDER - 2

evidence that indicated Plaintiff was never relieved of its contractual performance obligations to Defendant Overstreet, including provision of the O&M manuals for the Trench air core dry reactor Plaintiff Graybar supplied to Overstreet.[3]

The Court having considered the oral and written argument of counsel, enters this Order to supplement and memorialize the oral rulings of the Court.  Accordingly,

**IT IS ORDERED** that:

1.  Defendant Atlantic's Motion for Summary Judgment, Ct. Rec. 43-1, filed August 29, 2005 is **DENIED**.

2.  Plaintiff's *Sua Sponte* Motion for Summary Judgment, raised in its opposition briefing, is **DENIED** based on the court's ruling above.

The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 3rd day of October, 2005

*s/Lonny R. Suko*
_____
LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

---

[3] The court notes that the Trench core dry reactor is currently in the Corps' possession and Plaintiff is presently owed $313,036.37 for supplying the reactor to Overstreet on credit.

ORDER - 3